IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DAMON HOLDAWAY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-899-PMW<br><br>Magistrate Judge Paul M. Warner |

    Before the court is Damon Holdaway's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

    Plaintiff alleges disability due to various physical and mental impairments. On October 22, 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on September 3, 2010.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On September 14, 2011,

---

[1] *See* docket no. 10, Administrative Record ("Tr. ____") 97-109.

[2] *See* Tr. 50-53.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on June 11, 2012.[4]  On June 29, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5]  On August 16, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  See 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On October 7, 2013, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[7]  The Commissioner filed her answer and the administrative record on February 25, 2014.[8]

On March 3, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9]  Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10]  See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[3] See Tr. 70-71.

[4] See Tr. 28-49.

[5] See Tr. 12-31.

[6] See Tr. 1-3.

[7] See docket no. 3.

[8] See docket nos. 8, 10.

[9] See docket no. 16.

[10] See id.

Plaintiff filed his opening brief on June 16, 2014.[11]  The Commissioner filed her answer brief on July 16, 2014.[12]  Plaintiff filed his reply brief on July 28, 2014.[13]

### STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a

---

[11] *See* docket no. 19.

[12] *See* docket no. 21.

[13] *See* docket no. 22.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred:  (1) in his assessment of certain medical opinions, (2) in his evaluation of Plaintiff's credibility, and (3) at step five of the sequential evaluation process.  The court will address those arguments in turn.

### I. Medical Opinions

Plaintiff argues that the ALJ erred by failing to indicate the weight he accorded to the opinions of Dr. Mohammed Shoari ("Dr. Shoari") and Dr. Joan Zone ("Dr. Zone"), as required by the relevant regulations and Tenth Circuit case law.  *See* 20 C.F.R.  §§ 404.1527(c), 416.927(c); *see also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).  It is true that the ALJ did not specifically indicate the weight he assigned to those opinions.  Nevertheless, Plaintiff's arguments fail.

With respect to the limitations expressed by Dr. Shoari, the ALJ did include some of those limitations in Plaintiff's RFC, as noted by the Commissioner.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (concluding that even though the ALJ "did not expressly weigh" a medical opinion, any error was harmless because the RFC was "generally consistent"

5

with the medical opinion).  As for any other of those limitations that the ALJ did not include in Plaintiff's RFC, the court concludes that Plaintiff has failed to demonstrate how the failure to include those limitations caused any prejudice.  *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).  Indeed, in the hypothetical the ALJ provided to the vocational expert ("VE"), the ALJ included limitations that are consistent with the limitations expressed by Dr. Shoari.  Accordingly, the court concludes that any error committed by the ALJ in failing to discuss the weight he accorded to Dr. Shoari's opinions was harmless.  *See Thompson v. Colvin*, 551 Fed. App'x 944, 948 (10th Cir. 2014) ("In conducting our review, we should, indeed must, exercise common sense.  A remand for the ALJ to weigh opinions that admittedly do not support a finding of disability would be futile." (quotations and citation omitted)).

The court turns next to the limitations expressed by Dr. Zone.  Dr. Zone indicated that Plaintiff had some limitations that would "affect concentration, persistence[,] and pace."[14]  During the hearing, the ALJ asked the VE if a person could perform the identified jobs if he or she had "problems with cognition, stamina, focus, concentration, persistence and pace, memory deficits, . . . speaking[,] and formulating words."[15]  The VE responded by stating that such limitations "would preclude those jobs and all jobs."[16]  Based on those facts, Plaintiff argues that

---

[14] Tr. 366.

[15] Tr. 45.

[16] *Id*.

if the ALJ had included Dr. Zone's limitations in Plaintiff's RFC and the hypothetical provided to the VE, Plaintiff would be precluded from performing the jobs identified by the VE. The court disagrees. While the question the ALJ asked the VE included limitations related to "concentration, persistence[,] and pace,"[17] it also included numerous other limitations, as indicated above. The court cannot say that if the ALJ had asked the VE only about limitations related to "concentration, persistence[,] and pace,"[18] the VE would have testified that it precluded Plaintiff from performing the identified jobs. Furthermore, an examination of the ALJ's fairly limited RFC assessment reveals that it is generally consistent with the limitations expressed by Dr. Zone. As such, the court cannot say that the ALJ erred by failing to specifically address the weight he accorded to Dr. Zone's opinions. *See Keyes-Zachary*, 695 F.3d at 1163; *see also Thompson*, 551 Fed. App'x at 948.

## II.  Credibility

Plaintiff argues that the ALJ erred in his credibility assessment. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

---

[17] *Id*.

[18] *Id*.

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c) 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ relied upon proper factors to support his determination that Plaintiff's statements about his alleged impairments and limitations were not fully credible. First, the ALJ properly relied upon the fact that the evidence in the record contradicted Plaintiff's complaints concerning his alleged impairments and limitations. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); SSR 96-7p ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."); *see also Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that an ALJ can consider "the consistency or compatibility of nonmedical testimony with objective medical

evidence" when assessing credibility).  Second, the ALJ properly considered Plaintiff's daily activities in reaching the credibility determination in this case.  *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); SSR 96-7p.  Finally, the ALJ properly relied upon the fact that Plaintiff engaged in both part-time and full-time work during the period he alleged he was disabled.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (providing that a claimant's prior work record is considered in determining credibility); *see also Petree v. Astrue*, 260 Fed. App'x 33, 41 (10th Cir. 2007) (affirming the ALJ's credibility determination because, among other things, "[t]he ALJ found that [the claimaint]'s testimony regarding his inability to do any work was not entirely consistent with his work history showing that he worked [for a period of time] despite the presence of a mental impairment, and that he continued to search for another job after being fired from his last [job]").

To the extent that Plaintiff reargues the weight of the evidence before the ALJ on this issue, the court notes that such a tactic is futile on appeal.  *See Madrid*, 447 F.3d at 790.  Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agenc[y's] choice between two fairly conflicting views, even

though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's credibility.

### III. Step Five

Finally, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by concluding that there were jobs in significant numbers in the national economy that Plaintiff could perform. More specifically, Plaintiff contends that the ALJ erred by failing to include the limitations expressed by Dr. Shoari and Dr. Zone in the RFC and the hypothetical given to the VE. Given the court's conclusions above concerning the ALJ's treatment of the opinions Dr. Shoari and Dr. Zone, the court concludes that the ALJ was not required to include every limitation expressed by Dr. Shoari and Dr. Zone in the RFC or in the hypothetical given to the VE. In this case, the ALJ included all of the limitations contained in the final RFC determination in the hypothetical provided to the VE. Accordingly, there was no error. *See, e.g., Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail.

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 5th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge